**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JOHN VINCENT BAUMGARTEN, JR.    :

    Petitioner    :

v    :    Civil Action No. CCB-09-855
        (Related Crim. Case CCB-96-483)

UNITED STATES OF AMERICA    :

    Respondent    :

o0o

**MEMORANDUM**

The above-captioned motion to vacate was filed on April 6, 2009, following respondent's reply to petitioner's motion filed in his criminal case pursuant to Fed R Crim Proc. 36. Paper No. 259. Petitioner alleges in both that certain state convictions which were included in his criminal history for purposes of sentencing were vacated. Paper No. 255 and 259. He claims this "clerical error" requires resentencing. *Id*.

Respondent filed a response to the initial motion stating that petitioner's assertions were not a basis for a motion under Rule 36; rather, the claims were more appropriately raised in a motion to vacate filed pursuant to 28 U.S.C. § 2255. Paper No. 256. Respondent further asserts that petitioner has already filed one motion to vacate which was denied by this court. *See Baumgarten v. United States*, Civil Action No. CCB-01-1769 (D. Md. 2001). Respondent further asserts the motion is subject to dismissal as it is successive and petitioner has not applied for and received leave from the Fourth Circuit Court of Appeals to file a successive petition. *Id*. Petitioner does not deny that he has already filed one motion to vacate. Paper No. 257.

The motions are appropriately construed as a motion to vacate. As the instant motion is the second such motion to vacate filed by petitioner, it may not be considered absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255;

*In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*).  Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this court may not consider the merits of his claim unless and until he receives such certification.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims. Since petitioner has failed to comply with the procedural requirements for a successive petition, the motion will be dismissed without prejudice by separate order.

    April 30, 2009                                                    /s/
Date                                                            Catherine C. Blake
                                                                United States District Judge